CRESSEY v. THE WESTERN MUTUAL AID SOCIETY.

1. **Practice in Supreme Court:** CONFLICTING EVIDENCE: VERDICT NOT DISTURBED. Upon an examination of the evidence in this case, (see opinion,) it is found that there is a conflict therein, and hence, under the rules of this court, the verdict cannot be disturbed as not being warranted by the evidence.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 24.

ACTION on a written contract, whereby the defendant agreed to pay the plaintiff, its general manager, two dollars for " every certificate of membership issued, or that may be issued, by said society." Trial by jury, verdict for the plaintiff, judgment, and he appeals.

*W. E. Miller, W. S. Dungan* and *Wm. Kennedy,* for appellant.

*Barcroft & Bowen,* for appellee.

SEEVERS, J.—The plaintiff introduced evidence tending to show that the amount due him under the contract was settled in August, 1881, and that the defendant then agreed to pay the plaintiff $2,862.08. The plaintiff concedes that he received $2,100 of said sum. The defendant pleaded that the amount agreed upon was not due the plaintiff, but that the same was so agreed upon by mistake, and that afterwards a dispute arose as to said settlement, and that the plaintiff, by way of a compromise, agreed to accept $2,100 in full of the amount due him, and that the same was paid by the defendant. The court instructed the jury, in substance, that, if there was a dispute or controversy as to the sum due, and the plaintiff accepted $2,100 in full payment of his entire claim, then he was bound by such settlement, and could not recover; but, if there was no dispute or controversy, then the

plaintiff was entitled to recover. No complaint is made of this .instruction. The law of the case must therefore be regarded as settled, and the only question to be determined is whether the evidence supports the verdict.

Counsel for the appellant insist that the uncontradicted evidence shows that there was a dispute and controversy, and counsel for the appellee insist that there was no material controversy, and as to whether there was or not the evidence was conflicting. Under the contract, the plaintiff was entitled to recover two dollars for every certificate of membership. When the number of certificates issued was ascertained, the amount due the plaintiff could be readily known by a mathematical calculation. We have read the evidence introduced by the defendant with care, and find that there is no evidence which tends to show that there was any mistake or controversy as to the number of certificates issued.

There is evidence tending to show that the amount agreed upon as being due in August, 1881, was based upon applications for membership upon which no policies had been issued. But this evidence is expressly contradicted by the evidence introduced by the plaintiff. There is evidence tending to show that there was a dispute and controversy as to the amount the defendant *ought* to pay. The plaintiff, however, testifies that there was no dispute or controversy as to the number of certificates of membership which were issued, and that the policy register of the defendant shows how many certificates were issued. And this is the only question about which any material controversy could have arisen; for there is no evidence tending to show that the defendant was not indebted to the plaintiff, or that he was not, for any reason, entitled to receive two dollars for every certificate issued, as shown by the policy register. We are therefore of the opinion that there was a conflict in the evidence as to there being a controversy, and that we cannot disturb the verdict. We are strongly impressed that the controversy was .more in the nature of an objection that the contract was one which

operated harshly on the defendant; and that the plaintiff ought not to insist on the payment of the whole amount due under it; which amount we do not think, under the evidence, was ever seriously disputed by any one, unless it was so disputed under the belief that the plaintiff was claiming the contract price for some applications.

AFFIRMED.